R. N. GILLEY v. THE STATE.

No. 13049. Delivered February 19, 1930.

Reported in 26 S. W. (2d) 1070.

The opinion states the case.

*Warren W. Moore* and *Edwin Moorhead,* both of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, two years and six months in the penitentiary.

The transcript in this case contains no sentence. This is the final judgment and its presence in the transcript is necessary to confer jurisdiction on the Court of Criminal Appeals in a felony case. In its absence the appeal must be dismissed. Thompkins v. State, 87 Tex. Crim. Rep. 502; Vernon's C. C. P., Art. 769, Note 3.

Appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MARTIN, JUDGE.—The transcript has been amended to show proper sentence. The appeal is therefore reinstated and will be considered on its merits.

On Christmas Night, 1927, the testimony shows that four boys, one of them a high school boy sixteen years old, drove up to appellant's filling station and there purchased from him two pint beer bottles full of whiskey, for which they paid him five dollars.

The substance of a proposition asserted in appellant's brief is that where appellant being too poor to employ one, asks for and is refused counsel by the Court, and the record shows the reception of improper testimony which probably contributed to the conviction of appellant, the case should be reversed. The law does not place

upon the trial court the duty of appointing counsel for the accused on trial except in the case of a capital felony. Art. 494, C. C. P. The record here shows that practically all the improper testimony which it is now claimed caused the conviction in this case was brought out by the appellant himself, who it appears acted as his own attorney. Appellant's entire proposition is based upon the hypothesis that a lawyer appointed by the Court would not have fallen into this same error, which is by no means necessarily true, as the records of this Court abundantly demonstrate. If we agree to the correctness of appellant's contention, what then could we say in a case where it was contended that while appellant had a lawyer, he was in fact too poor to hire one with ability enough to know how to make the proper objections and keep out such testimony, and his poverty had therefore lost him his liberty? There seems as much logic in one as the other of these propositions. The unsoundness of such a proposition seems manifest. Obviously we cannot judicially legislate a rule into existence to meet the seeming exigencies of this case. Such would be the effect of a reversal upon the point suggested. The real point is whether the facts in evidence justified the verdict, not whether with a good lawyer appellant may have received a lesser penalty or probably none at all.

It is next insisted that the Court erred in overruling appellant's motion for continuance. This motion is exhibited in the transcript and fails in practically every particular to comply with the statute regulating continuances. It seems idle to waste space discussing appellant's proposition that we should reverse because of the action of the Court in overruling a motion of the character shown here. The Legislature has seen fit to precisely and definitely prescribe what should be exhibited in such a motion, which law is binding upon the trial courts, as well as ourselves. To sustain appellant's contention would be to knowingly and intentionally disregard the mandatory provisions of a statutory enactment. The right to prescribe rules governing this matter belongs to the legislative department of the government and we have neither the authority nor the inclination to set these aside.

Application is also made for writ of certiorari to show that no order was entered prior to the trial continuing the case. Since the appearance of such an order, if it exists, could not help appellant's cause, the application is denied.

Nor do we think that the size of the verdict necessarily reflects passion and prejudice. The verdict may have been influenced by the fact that the jury believed appellant was selling whiskey to school boys and merited the higher penalty inflicted.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.