## W. E. Brown v. The State.

No. 14268.   Delivered June 3, 1931.
Rehearing Denied June 26, 1931.

The opinion states the case.

*Berry, Warlick & Gossett,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is robbery by assault, and the punishment five years in the penitentiary.

The appellant and one Homer Miller were jointly indicted and jointly tried, a sentence of five years being assessed against each. Only appellant, Brown, appeals to this court from the judgment of conviction.

The state's evidence showed that one Altiss Blair on or about the 11th or 12th day of October, 1930, had been to Chicasha, Oklahoma, and was going back home, and that as he was passing through Vernon, he saw the appellant and one Homer Miller driving in a Chevrolet truck; that he was walking along the road and asked them for a ride; that he crawled in the back of their truck at first and then further on they told him to get in the cab with them and he got in there; that they drove about two or two and a half miles and got out; that the appellant and Homer Miller asked him if he had any money and he told them he didn't, and that they then searched his pockets and found two knives and a bill fold; that they also took his hat; that when they were searching him they said they would kill him if he didn't give it up; that one of them had a car pump and they said they were going to knock him in the head with it; that they then took him out in a cotton patch and told him they were going to kill him there; that he got loose from them and ran back to the road; that both of them had hit him with their fists; that he had $6 in money, a $5 and a $1 bill; that they took the money, as well as the bill fold and the knives; that when he got away from them he telephoned to the sheriff, who a short time later apprehended appellant and his companion and found the knives and bill fold that had been taken from the possession of the complaining witness.

The point presented is the alleged error of the court in refusing appellan't motion for new trial in which it is set up that the appellant after he was indicted had not made bond and had not employed counsel and that the court did not appoint counsel for him and that he and his co-defendant represented themselves in the trial of the case, each pleading not guilty, and each was given five years in the penitentiary; that relatives of the appellant, after his conviction, discovered his plight and employed counsel to prepare a motion for new trial on behalf of appellant, which was prepared for both appellant and the party who was jointly indicted with him, and the appellant complains of the failure of the trial court to give him a new trial so that he might secure witnesses and be represented by counsel. The record shows that appellant was arrested on October 12, 1930, and charged with the crime for which he was tried; that an indictment was returned against appellant and his co-defendant, Homer Miller, on October 29, 1930; that appellant was served with a certified copy of the indictment on October 30, 1930. No application was made for any witnesses. It is further shown that on the 15th day of November the case was called for trial and both the state and appellant announced ready for trial and appellant and his co-defendant plead not guilty. No application was then made for any witnesses. Both of said defendants cross-examined the state's witnesses and themselves testified in the case. The sworn statement made in connection with appellant's motion for new trial shows that he had communicated with his brother, John Brown, and was relying on him to make necessary arrangements for his proper defense. Said affidavit shows that the appellant did not consider himself guilty of any violation of any law and that he did not think himself in danger of receiving any punishment and apparently so believing, he announced ready for trial and did not ask for a postponement of his case in order to employ counsel or obtain witnesses. Appellant sets up in said motion that if he were given a new trial he could secure witnesses, whose names he does not know, but would be able to ascertain, and could prove certain facts by them.

The indictment as returned against the appellant did not make it a capital case and under the statute it is only in capital cases that the court is required to appoint an attorney to represent an accused in a criminal action. Pennington v. State, 13 Texas App., 44; Mass v. State (Texas Crim. App.), 81 S. W., 46; Burden v. State, 70 Texas Crim. Rep., 349, 156 S. W., 1196. There is no evidence in this case that appellant was denied counsel. On the other hand, he had from the 12th day of October until the 15th day of November to arrange for counsel.

From what has been said, it follows that in our opinion the court did not commit reversible error in refusing appellant's motion for a new trial.

The charge of the court appears to have fairly presented to the jury

the law applicable to this case and does not show any fundamental error.

We believe the evidence sufficient to sustain the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes an appealing motion. We find in the record no bill of exception complaining of any error of procedure, except the overruling of the motion for new trial. There was not an exception taken to the charge of the court. It is not claimed that appellant is mentally deficient, or that he is of such age as not to be able to know how to protect himself.

Appellant complains in the motion of what he is pleased to call a fundamental error in the charge of the court. He supports this contention by citing the cases of Jenkins et al. v. State, 69 Texas Crim. Rep., 585, 155 S. W., 208, and Maldonado et al. v. State, 70 Texas Crim. Rep., 205, 156 S. W., 647. The court charged the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendants, or either of them, * * * did unlawfully and wilfully make an assault upon the person of Altiss Blair, and fraudulently take from his person and possession $6 in money, etc., they will find the defendants guilty as charged, and assess their punishment at, etc. This paragraph of the charge wound up with the statement: "If you do not find the defendants or either of them guilty under the foregoing charge, then you will find them, or him not guilty and so say by your verdict." It is urged that this charge authorized the jury to convict both of these defendants upon their belief that either one of them was guilty. Such a charge is manifestly incorrect, and upon facts such as appear in the two cases cited by appellant would seem to be capable of injuriously affecting the rights of at least one of said parties. The instant case entirely differentiates itself upon its facts from the said two cases cited. In the case before us there was no claim that the act alleged to have been a violation of the law, was in fact committed by one of said parties, and that the other had nothing to do with it. In the case before us both defendants on trial testified and each denied for himself and his co-defendant, any guilty participation in the transaction. Each for himself and his co-defendant denied that there was any robbery, or that any money was taken by either of them from the prosecuting witness. The prosecuting witness affirmed while on the stand that both of said defendants assaulted him, and both of them participated in the taking of his money, and testified to a state of facts which, if true, showed beyond any possibility of doubt

the guilt of both parties. We are forbidden to reverse cases for errors in the charge unless in our judgment, upon review of the record, we are led to believe such errors capable of injuriously affecting the rights of the accused. We do not see how it could be possible that said charge given by the court, though concededly not in proper form, could have,—under the above facts,—hurt the accused.

This court could not possibly set a premium upon ignorance or carelessness on the part of one accused of crime who failed to use due diligence to provide for himself an attorney, when arrested and charged with crime. Nor can the courts undertake to give to one who has made no effort to procure an attorney, any advantage as the result thereof over those who have been diligent in preparing their defense,—by setting aside judgments which appear to be on full and sufficient testimony, apparently for the only reason that the accused was not represented by counsel on the trial. The parties, one of whom is this appellant, were not charged with a capital crime, and in such case no duty rested upon the trial court to appoint an attorney to defend them.

We have given due consideration to each of the complaints in the motion for rehearing, but feel constrained to hold that proper disposition was made of the case in the original opinion, and the motion for rehearing will be overruled.

*Overruled.*