EX PARTE VICTOR RODRIGUEZ and NICANDRO MUNOZ.

No. 14890.  Delivered October 14, 1931.

*John I. Kleiber* and *J. T. Canales,* both of Brownsville, for appellants.

*Rogers Kelley,* of Edinburg, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Applicants ask the issuance of a writ of habeas corpus, and that upon a hearing of same they be discharged from the custody of the warden of our state penitentiary, who holds them by virtue of an order and judgment of the 79th Judicial District Court of Texas directing their execution, in accordance with the terms of a mandate issued by the Court of Criminal Appeals of Texas after the affirmance upon appeal of judgments of said district court assessing against both applicants the death penalty. As supporting their right to the issuance of the writ prayed for, applicants claim that they were denied counsel upon their joint trial for the offense named, and that being charged capitally such denial was so violative of their rights as to make void the judgment of the trial court, and this court upon appeal, assessing against them said penalty.

The agreed facts accompanying the application set forth that applicants employed one whom they believed to be an attorney, who said he was an attorney; and who during the trial in the court below and upon appeal to this court, held himself out as a licensed lawyer, but who has been found since the affirmance of the judgmnt against applicants, to have been without license to so practice law. It is also part of the agreed facts that when arraigned and asked by the trial court if they had counsel to represent them, applicants informed the court that they had engaged Mr. Garza; also that applicants pleaded guilty to the charge of murder upon their trial, and that before indictment each applicant had voluntarily confessed to participation in the murder charged against them; also that both applicants voluntarily took the

witness stand and testified upon said murder trial, admitting their guilt and reaffirming the statements in their confessions.

In the able brief filed in their behalf applicants admit themselves without precedent for what they ask us to do in this regard. Unfortunately for them, however, the state is not without precedent in its opposition to the granting of the relief prayed for. True, section 10 of our Bill of Rights guarantees to every person accused of crime the right to be heard by himself or counsel, or both, but this applies with equal force to all persons accused of any character of crime from the smallest misdemeanor to the gravest capital felony. As far as this court knows the right referred to has been jealously preserved in all cases brought to our attention.

A defendant, however, may prefer in any character of case to defend himself. Compton v. State, 67 Texas Crim. Rep., 15. He has a perfect right to hire some one to represent him, or he may elect to waive his right to have counsel. However, even in capital cases no imperative duty to appoint counsel is upon the trial court, and it only becomes his duty when the court is apprised of the fact that the accused is too poor to employ counsel. Article 494, C. C. P.; Brown v. State, 52 Texas Crim. Rep., 267; Burden v. State, 70 Texas Crim. Rep., 349; McKee v. State, 118 Texas Crim. Rep., 479, 42 S. W. (2d) 77, opinion handed down October 7, 1931. The case last mentioned is in principle much like the one here involved.

Any claim that the applicants in this case were too poor to employ counsel to represent them is refuted by the admission in the agreed statement of facts that they did so employ Mr. Garza, and of course might have employed anyone else acceptable to them.

There is no claim that applicants were induced to employ Garza by the acts or representations of any representative of the state. We cannot uphold any imputation of wrongdoing on the part of the trial court growing out of the fact that he permitted Garza to appear and represent applicants,—after they had informed said judge upon arraignment that they had employed Garza as their counsel. We know of no rule of law which requires the trial judge to inquire and investigate the qualification for practice of counsel who are employed and chosen by persons accused of crime and who present themselves at the bar of such court accompanying and representing their clients. We could not make these propositions plainer by lengthy dissertation.

As reflected by their able and interesting brief, applicants seem of opinion that upon the bare showing that the man whom they employed was not a lawyer, that this court can and should, in the exercise of what they are pleased to call the fundamental principles of equity, overturn and vacate the judgment of a trial court of admitted jurisdiction, rendered upon a full hearing of all the facts; and also the judgment of this.

court upon a regular appeal and review of the judgment of the lower court.

Among the fundamental rules of equity are some such as that he who seeks equity must do equity; must come before the court with clean hands and show affirmatively that from a wrong done such persons are about to suffer injury which they would not suffer but for the alleged wrong. No effort was made in the matter before us to show that applicants had any defense to the murder charge, or that there were any mitigating facts or circumstances not brought before the trial court and jury. On the contrary it is affirmed by the agreement of applicants that they personally pleaded guilty to murder,—that they had prior to their indictment confessed their guilt; that each voluntarily, personally took the witness stand on their trial and admitted their guilt of murder. Just what wrong to them the state has done, directly or indirectly, is not apparent. Cobb v. State, 71 Texas Crim. Rep., 397; Patton v. State, 62 Texas Crim. Rep., 28; Hayden v. State, 61 Texas Crim. Rep., 211.

The effort of applicants in the matter before us appears to partake largely of the nature of an application for a writ of coram nobis such as was denied in Ex parte Minor, 115 Texas Crim. Rep., 634, 27 S. W. (2d) 805, and Ex parte McKenzie, 115 Texas Crim. Rep., 315, 29 S. W. (2d) 771. We declined in those cases to vacate judgments which had become final merely upon a showing of a matter which in no way affected the jurisdiction or power of the trial court to render the judgment entered, or the legality and regularity of any step necessary in the disposition of the causes.

Regretting that we find ourselves unable to agree with applicants, their request for a writ of habeas corpus is denied.

*Writ denied.*