GILBERT SINGLETON AND ELDON LEE V. THE STATE.

No. 20872. Delivered February 28, 1940.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, and *F. H. Hammond,* of Burnet, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellants were both tried before the district judge on a plea of guilty to the theft of sheep, and sentenced to serve a term of three years each in the penitentiary.

It appears from the record that there was no attorney present at the trial representing the appellants, and none was appointed by the court to advise with them. There was a motion for a new trial filed alleging, among other things, that appellants each made a confession relative to the main facts in the matter herein charged, and that they were induced to make such confession, and to enter a plea of guilty in this cause because of a promise made to them by the sheriff that they would be each given a suspended sentence on their plea

of guilty. This matter was gone into fully upon the hearing of the motion for a new trial, and was by the court not sustained. We are of the opinion that the court was correct in his holding, and such a contention was not sustained by the evidence.

However there is a more serious matter presented herein not only by the motion for a new trial but also in a bill of exceptions. It is gathered from the record that appellants desired to file an application for a suspended sentence, and that they were advised by some of the officers of the court that they could not make an application for a suspended sentence because of the fact that they were charged in two indictments with the theft of sheep, and it would not avail them should they receive a suspended sentence in one case, and then upon a subsequent conviction in the second case such suspended sentence would be revoked. The trial court qualifies such bill as follows: "The court undertook to explain fully to the defendants and each of them their rights (1) with respect to having two days in which to prepare for trial (2) a suspended sentence application and the appointment of an attorney in connection therewith; and (3) a jury trial, waiver of the same and the appointment of an attorney in connection therewith. Thereafter the court understood that each defendant was waiving all such rights in pursuance of an agreement with the district attorney that each was to get a sentence of two years in each of the two cases, same to run concurrently. The court considered that all such rights could be thus waived under the provisions of Art. 11, C. C. P., as amended by Acts 1931, 42nd Leg., p. 65, Ch. 43, Sec. 2."

We are at a loss to understand what was meant by the trial court in his above qualification wherein he states: "that each was to get a sentence of two years in each of the two cases," on account of the fact that each received a sentence of three years in each of the cases. However we are of the opinion that the trial judge erred in not appointing an attorney to represent the appellants in the matter of waiving a jury and entering their plea of guilty before the court. Art. 10a, C. C. P., Vernon's Ann. Texas Statutes, provides as follows:

"The defendant in a criminal prosecution for any offense classified as a felony less than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a jury, conditioned, however, that such waiver must be made in person by the defendant in open court with the consent and approval of the court and the duly elected and acting attorney representing the State. Provided, that said

consent and approval by the court shall be entered of record on the minutes of the court and the consent and approval of the attorney representing the State shall be in writing, duly signed by said attorney and filed in the papers of the cause before the defendant enters his plea of guilty.

"Provided, that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him."

It is true that Art. 11 of the same Code provides that the defendant can waive any right secured him by law in a criminal case save the right of trial by jury in a felony case upon a plea of not guilty, which latter legislative enactment was a part of the same bill as Art. 10a, and passed at the same time. See Acts 42nd Legislature, Regular Session, page 65.

However it is to be noted that the waiver of a trial by jury can only be made after an attorney has been appointed to represent a defendant who is without counsel.

We recently held in the case of Hernandez v. State, 133 S. W. (2d) 584, that "This provision of the statute seems to be mandatory, and before a person charged with a felony can waive this valuable right of a trial by jury, provided he has no attorney representing him, we hold it is the duty of the trial court to appoint one for him."

We again hold that, under a felony charge, one cannot waive the right of a trial by jury, in a plea of guilty, if he has no attorney, unless the court has theretofore appointed an attorney to represent him. That such appointment is a prerequisite to his entering into such waiver.

We think that if the appellants so desire, if they have no attorney representing them, or either of them, then the trial court should appoint one for the purpose of preparing and filing an application for a suspended sentence, the submission of such an application to be governed by the trial court under the rules of law.

For the failure to appoint an attorney to advise with the appellants relative to their waiver of a jury, this judgment is reversed and the cause remanded.