MARLIN N. HOLTON v. THE STATE.

No. 21859. Delivered January 21, 1942.
Rehearing Denied (Without Written Opinion) February 25, 1942.
Petition for Writ of Certiorari denied by United States Supreme Court.

The opinion states the case.

*Drew S. Clifton,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the State penitentiary for a term of five years.

This case is brought to us without any bills of exception or any objections to the court's charge. Hence the only question which we can consider is whether the evidence is sufficient to sustain the judgment.

The record shows that about 3:30 A. M. of May 15, 1941, a man appeared at the filling station of C. E. DeRoch, located in Bay City, and robbed the owner (Mr. DeRoch) of approximately $8.90. This act was accomplished by making an assault upon Mr. DeRoch and by putting the said DeRoch in fear of his life. Thereafter, on the 23rd of May, appellant was arrested

and a search of his car revealed therein a blue suit of clothes, a little white sailor's cap, and a blue handkerchief, commonly called a "bandana." According to the party who was robbed, this wearing-apparel was similar to that worn by the robber on the night in question.

After his arrest appellant made a purported voluntary confession which was offered in evidence. Upon his trial, although admonished by the presiding judge of the consequences of a plea of guilty, he persisted in pleading guilty to the offense charged. Under the record before us, it is obvious that the evidence, together with appellant's plea of guilty, is sufficient to sustain the judgment of conviction.

There are a number of affidavits filed by appellant in this court which are not properly a part of the record. Consequently they will not be considered by this court.

Appellant, for the first time in this case on appeal to this court, contends that he was deprived of his legal right to be represented by an attorney at his trial in the District Court of Matagorda County. He bases his contention on Article VI of the Amendments to the Federal Constitution which reads as follows:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense."

We do not regard the foregoing constitutional amendment as a limitation upon the states of the Union. Each state, through its respective legislature, prescribes a mode of procedure in criminal cases which in many instances is different from that prescribed by the aforesaid amendment for the trial of criminal cases in the Federal Courts.

Article X of the Amendments to the Federal Constitution provides as follows:

"The powers not delegated to the United States by the con-

stitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."

Cooley's Constitutional Limitations, (8th Ed.) Vol. 1, page 66, after quoting the 10th Amendment, supra, interprets the same in the following language:

"And it is to be observed of this instrument, that being framed for the establishment of a national government, it is a settled rule of construction that the limitations it imposes upon the powers of government are in all cases to be understood as limitations upon the government of the Union only, except where the States are expressly mentioned. As illustrations, the sixth and seventh amendments to the Constitution may be mentioned. These constitute a guaranty of the right of trial by jury; but as they do not mention the States, they are not to be understood as restricting their powers; and the States may, if they choose, provide for the trial of all offenses against the States, as well as for the trial of civil cases in the State courts, without the intervention of a jury, etc."

We are of the opinion that the foregoing interpretation of the constitutional amendment is sound and disposes of the appellant's contention.

Appellant cites us to the case of John A. Johnson v. Fred G. Zerbst, Warden, U. S. Penitentiary of Atlanta, Georgia, 304 U. S. 458-469, 82 L. Ed. 1461, as sustaining his contention. In that case the petitioner was indicted by a Federal grand jury and was tried in a Federal District Court. Consequently the procedure prescribed in the 6th Amendment above quoted applied, but in the instant case, appellant was tried in a state court for a violation of a state law. Hence the procedure prescribed by the State Legislature for the trial of criminal cases had to be followed. The Legislature of this State has made provision under certain circumstances for the appointment by the court of counsel for a person charged with a felony. Article 10a, C. C. P., provides for the appointment of counsel for one who is charged with a felony less than capital, when he waives a jury and pleads guilty to the court.

Article 501, C. C. P., provides as follows:

"If the defendant plead guilty, he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appear that he is sane, and is unin-

fluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt."

Article 494, C. C. P., provides:

"When the accused is brought into court for the purpose of being arraigned, if it appear that he has no counsel and is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. The counsel so appointed shall have at least one day to prepare for trial."

Article 491, C. C. P., provides as follows:

"There shall be no arraignment of a defendant except upon an indictment for a capital offense."

Consequently the court is not required to appoint an attorney unless the accused is being arraigned and is too poor to employ counsel. Therefore, in view of Article 491, supra, this court has heretofore held that the trial court is only required to appoint an attorney when the accused is charged with a capital offense since there is no arraignment of one charged with crime except in capital cases. See Gilley v. State, 114 Tex. Cr. R. 548, 26 S. W. (2d) 1070; Ex parte Rodriguez, et al 118 Tex. Cr. R. 179, 42 S. W. (2d) 603; Brown v. State, 118 Tex. Cr. R. 582, 40 S. W. (2d) 118.

The judgment in this case reveals that the careful trial judge observed and complied with Article 501, supra.

From what we have said, it follows that the judgment of the trial court should be affirmed and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.