EX PARTE ROBERT D. BURCH

No. 26,983.   May 5, 1954

*C. C. McDonald,* Wichita Falls, for relator.

*George W. Anderson, Jr.,* District Attorney, *Calvin Ashley, Lyle B. Cherry,* Assistants District Attorney, Wichita Falls, *Bradie E. Richie,* Assistant District Attorney, Albany, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an original application for habeas corpus in behalf of relator who is confined in the penitentiary under a life sentence for being an accessory.

The indictment against relator charged that he willfully concealed and gave aid to one Billy Wayne Powers in order that Powers might evade arrest and execution of his sentence.

Powers was convicted of the offense of ordinary robbery, and by reason of two prior convictions for felonies less than capital, alleged and proved, was sentenced under Art. 63 P.C. to life imprisonment in the penitentiary.

While serving this sentence, Powers was brought from the penitentiary under a bench warrant and escaped from the Wichita County Jail.

It was for concealing and giving aid to Powers after such escape, knowing that he had been so convicted and sentenced, that relator was charged and convicted for being an accessory.

At relator's trial the jury found him guilty, and the trial court adjudged and sentenced him to confinement in the penitentiary for life.

"An accessory is one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence. . . . " Art. 77 P.C.

Article 79 P.C. provides "Accessories shall be punished by the infliction of the lowest penalty to which the principal would be liable."

The minimum punishment provided for the offense of robbery is five years in the penitentiary. Art. 1408 P.C.

But for one who has been twice previously convicted for a felony less than capital, the punishment to be assessed for the third conviction of any non-capital felony is confinement in the penitentiary for life. Art. 63 P.C.

The trial court was charged with the duty of adjudging the punishment against relator who had been found guilty of being an accessory in concealing and giving aid to Powers in order that he might evade arrest and execution of his sentence. He had no discretion other than to adjudge that relator be confined in the penitentiary for the definite term fixed by law, "the lowest penalty to which the principal would be liable." (Art. 79 P.C.)

The sole question here is, did the trial court correctly conclude that the punishment applicable to relator's conviction was a life term, or should relator have been sentenced to serve five years?

The state concedes that there is no such offense as being an habitual criminal, Article 63 P.C. providing only for enhancement of punishment because of previous convictions. It follows that there is no offense of being an accessory to "the offense of Habitual Criminal."

It is contended, however, that one standing in the position of relator, who conceals and aids a convicted offender to evade the execution of his sentence, knowing that such offender has been assessed a life term under Art. 63 P.C., occupies a different position from one who gives aid to such an offender before his conviction.

It seems clear that for the accessory who aids one who has committed a robbery to evade arrest, or trial, the punishment

is five years. This is true without regard to whether the principal is charged as a subsequent offender or not.

It is equally clear that if the principal has not been tried five years is the minimum punishment "to which the principal would be liable" under an indictment charging the primary offense of robbery, though prior convictions are alleged to enhance the punishment to life imprisonment.

The state is therefore relegated to the position that a life term for relator is proper because at the trial of the principal Powers, the jury not only found him guilty of robbery but further found that he had been twice previously convicted of a felony less than capital, and the aid and concealment was thereafter extended.

To agree with this contention would be to say (1) that the punishment for being an accessory may depend upon the punishment actually assessed against the principal, though Art. 79 P.C. provides that it shall be the lowest "to which the principal would be liable"; (2) that the accessory's punishment may in effect be enhanced because of previous convictions against the principal; (3) that the punishment of the accessory who aids the offender after his conviction may be different from that assessed against the accessory who conceals and gives aid in order that the offender may evade arrest or trial.

We do not agree that the statutes may be so construed.

Under the state's theory here, if the principal has been found guilty of forgery, chicken theft or any other felony, and because of prior convictions of felonies less than capital, his punishment has been enhanced under Art. 63 P.C. to life, one who aids him to evade the execution of the sentence would be meted out a life sentence. Whereas, if the offender has received a life term by verdict of a jury for ordinary robbery or rape, the accessory who aids him to evade the execution of his sentence upon conviction can receive no more or less than 5 years. And if the principal's offense be murder, the accessory's punishment must be two years.

We hold that the allegations, proof or finding by the jury as to prior convictions alleged for enhancement of punishment under Art. 63 P.C. have no effect upon the punishment to be meted out to an accessory who has no prior conviction alleged against him; that the offense for which relator was convicted

was that of being an accessory to the offense of robbery; that the punishment for such offense is five years in the penitentiary, without regard to whether the accessory gives aid or conceals the offender to evade arrest, to evade trial, or to evade the execution of his sentence.

Relator having fully served the five year term provided by law for the offense of which he was convicted, he is entitled to be discharged.

The application for habeas corpus is granted and relator will be discharged from the penitentiary.