**Ex parte Walter Henry LEMAY.**

No. 50113.

Court of Criminal Appeals of Texas.

July 16, 1975.

Donald Eastland, Hillsboro, for petitioner.

Frank B. McGregor, Dist. Atty., Hillsboro, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post-conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P. Lemay seeks relief from his conviction on July 22, 1943, for the offense of burglary of a private residence at night.[1] He contends that the primary conviction and the two prior convictions used to enhance the punishment to life under Article 63, Vernon's Ann.P.C. (1925), are void since he was convicted in all three without benefit, or waiver, of counsel.

In his application for habeas corpus, petitioner alleges that in the primary conviction he pled guilty without the assistance of or waiver of counsel and that he was an indigent. He further alleges that counsel was appointed solely for the purpose of preparing a waiver of jury trial and that such a limited appointment denied him effective assistance of counsel. He also alleges that neither the court nor appointed counsel advised him of his right to appeal and of his right as an indigent to have a court-appointed counsel on appeal, therefore, he did not waive the right to appeal.

At an evidentiary hearing petitioner testified that on July 22, 1943, he entered the courtroom, sat down and the judge asked him how he pled. He told him that he pled guilty. He had not conferred with a lawyer prior to entering the courtroom. He testified that the judge did inquire as to whether he had any money or could afford a lawyer. He said that he responded by saying that he didn't have money enough to hire a lawyer. The judge then inquired if Mr. Moore (an attorney) was in the courtroom. Upon being advised that he was not, the judge sent for Mr. Moore. Petitioner testified that when Moore came into the courtroom he said, "Well, what can I do for you boys?" Petitioner answered by saying that there was not much he could do because he had already pled guilty. Petitioner testified that Moore aided him in waiving the jury but that such waiver was done verbally and that Mr. Moore did not prepare any papers and never discussed the facts of the case with him. After the jury was waived, he received his sentence.

The State offered no evidence at the hearing and relies upon the recitations in the judgment that Lemay appeared with counsel.

The trial court concluded at the end of the hearing that petitioner was not entitled to the relief sought. He found that petitioner was represented by counsel at and during the trial of the primary offense.

This Court is not bound by the findings of fact and conclusions of law of the trial court. Ex parte Young, 479 S.W.2d 45 (Tex.Cr.App.1972).

The appointment of counsel for an indigent is required at every stage of the criminal proceedings where substantial rights may be affected. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. Application of this principle is fully retroactive. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; Ex parte Bird, 457 S.W.2d 559 (Tex.Cr.App.1970).

---

1. The sentence, judgment and docket sheet show the offense to be "Habitual criminal." There is no such offense as habitual criminal. See Ex parte Burch, 160 Tex.Cr.R. 83, 267 S.W.2d 560 (1954). The indictment however alleges the offense of burglary of a private residence at night and alleges two prior convictions for enhancement.

Testimony of the petitioner, if uncorroborated, would be insufficient to overcome the presumption of the validity of the recitations in the judgment. In the primary conviction, the judgment was a form judgment which stated in the printed portion of the form that the appellant "appeared in person, his counsel also being present. . ."

The docket sheet in Cause No. 18284, the primary offense, has a space at the top for "Attorneys" and no name is listed. Under the heading "Orders of the Court" an entry signed by the trial judge states:

"Hon. D. T. Moore appointed to assist Deft. in preparing and filing waiver of jury trial. This order being entered at request of Deft. in open court.
/s/ J. D. Stephenson Dist. Judge"

Article 10a, V.A.C.C.P., (1925), in effect at the time of petitioner's trial, stated:

"The defendant in a Criminal prosecution for any offense classified as a felony less than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a Jury, conditioned, however, that such waiver must be made in person by the defendant in open Court with the consent and approval of the Court and the duly elected and acting Attorney representing the State. Provided, that said consent and approval by the Court shall be entered of record on the Minutes of the Court and the consent and approval of the Attorney representing the State shall be in writing, duly signed by said Attorney and filed in the papers of the Cause before the defendant enters his plea of guilty.

"Provided, that before a defendant who has no Attorney can agree to waive a Jury, the Court must appoint an Attorney to represent him."

In 1943 an attorney did not have to be appointed for the entire trial. See Holton v. State, 143 Tex.Cr.R. 415, 158 S.W.2d 772 (1942), cert. den. 316 U.S. 703, 62 S.Ct. 1311, 86 L.Ed. 1771.

Article 10a, supra, made it mandatory that counsel be appointed for the waiver of a jury trial on a plea of guilty in a felony less than capital. Hernandez v. State, 138 Tex.Cr.R. 4, 133 S.W.2d 584 (1939); Singleton v. State, 138 Tex.Cr.R. 519, 137 S.W.2d 21 (1940). This requirement was comparable to the requirement of appointment for preparation of an application for suspended sentence under Article 776a, V.A.C.C.P. (1925). See Ex parte Huddleston, 149 Tex. Cr.R. 388, 194 S.W.2d 401 (1946).

Further, the judgment form recites:

". . . thereupon the defendant requested the consent and approval of the court to waive the right of a trial by jury, and whereas such consent and approval, of the duly elected and acting attorney representing the state, in writing duly signed by said attorney, was filed in the papers in said cause before the defendant entered the plea of guilty, and it appears that all prerequisites required by law for the waiving of this right have been performed."

The trial court apparently complied with the law at the time of the trial.

The docket sheet recites specifically that the attorney was appointed for the preparation of the waiver of a jury. This corroborates petitioner's testimony. In Ex parte Blaine, 472 S.W.2d 514 (Tex.Cr.App. 1971), we noted that the docket sheet is presumably prepared on the date shown thereon and is presumed to be correct. We hold that the statement on the docket sheet sufficiently corroborates petitioner's testimony and overcomes the recitations of the form judgment. See Ex parte Williams, 486 S.W.2d 566 (Tex.Cr.App.1972), and Ex parte Swinney, 499 S.W.2d 101 (Tex.Cr.App. 1973).

Since the right to have an attorney represent the accused at all proceedings

where substantial rights may be affected is retroactive, Mempa v. Rhay, supra, and McConnell v. Rhay, supra, the petitioner is entitled to the relief sought even though the trial court complied with the law at the time of trial.

It appears that appellant has accumulated a total time credit of 44 years, nine months and nine days as of the first of May, 1975. According to appellant's sworn application for writ of habeas corpus he is also being held pursuant to a conviction from Johnson County, Cause No. 17740, punishment having been assessed at fifty years on November 16, 1943. A copy of this order will be forwarded to the Department of Corrections.

Petitioner is ordered discharged from confinement under the sentence in this cause. When he has served his time under the Johnson County, and any other valid, conviction against him, he will be entitled to be discharged.

It is so ordered.