

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 26, 1985

Honorable Richard C. Morales
Webb County Attorney
1104 Victoria
Laredo, Texas    78040

Opinion No. JM-312

Re: Whether a court-appointed attorney must be provided for an indigent in every misdemeanor case

Dear Mr. Morales:

You ask generally whether a court-appointed attorney must be provided for an indigent defendant in every misdemeanor case. You express concern in particular about misdemeanor cases within the jurisdiction of justice courts. Such courts lack jurisdiction over misdemeanors which involve the possible punishment of confinement in jail. You also indicate that you seek our opinion with regard to possible modification of a consent decree recently entered into by Webb County. However, your specific question does not directly relate to the provisions of the consent decree.

The consent decree in question deals with the appointment of attorneys to represent indigents in the context of the <u>times</u> within which an attorney must be appointed, if indeed one must be appointed at all. You ask about the <u>type</u> of case in which an attorney must be appointed; <u>i.e.</u>, whether an attorney must be provided for an indigent in any and all misdemeanor cases. If your request were to question the consent decree itself, we could not respond because it has long been the established policy and practice of this office not to render opinions concerning specific matters which are actually in litigation or under the retained or continuing jurisdiction of the courts. The consent decree reveals that in this case the court has retained jurisdiction to assure compliance with its decree. Accordingly, although some of the following discussion deals with issues related to the provisions of the consent decree, we address only the general state of the law — not the provisions of a court order to which the county has agreed. <u>See generally</u> <u>Alberti v. Sheriff of Harris County</u>, 406 F. Supp. 649, 658 (S.D. Tex. 1975) (federal court, in the exercise of its pendent jurisdiction, has wide discretion in ordering defendants to comply with state law and in fashioning effective relief).

It is well established that in all felonies and at least in all misdemeanors which are punishable by confinement in jail, an accused

has the right to the effective assistance of counsel. See Gideon v. Wainwright, 372 U.S. 335 (1963); Attorney General Opinion C-654 (1966). The right to have the state provide counsel to persons who cannot afford a lawyer extends to every case in which the litigant may be deprived of his personal liberty if he is convicted; the right does not depend upon labels of "civil" or "criminal." Lassiter v. Department of Social Services, 452 U.S. 18, 25 (1981); In re Gault, 387 U.S. 1, 41 (1967); Ridgway v. Baker, 720 F.2d 1409, 1413 (5th Cir. 1983). Moreover, the appointment of counsel to represent indigents is required at every stage of a criminal proceeding in which substantial rights may be affected. Mempa v. Rhay, 389 U.S. 128, 133 (1967); Ex parte Morse, 591 S.W.2d 904, 905 (Tex. Crim. App. 1980); Ex parte Lemay, 525 S.W.2d 1, 2 (Tex. Crim. App. 1975); see also McGee v. Estelle, 625 F.2d 1206 (5th Cir. 1980), cert. denied 449 U.S. 1089; but see Ross v. Moffitt, 417 U.S. 600, 615-618 (1974) (after the appointment of counsel for an indigent's first appeal of right from his conviction to an intermediate state appellate court, the state need not appoint counsel for the indigent's subsequent discretionary appeal to the state's highest court or for an application for certiorari to the United States Supreme Court).

In substantial accord with these rulings, section (a) of article 26.04 of the Texas Code of Criminal Procedure provides:

> Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence. (Emphasis added).

Your request requires a determination of whether this provision of the Code of Criminal Procedure or the constitutional principles made applicable to the states by the Fourteenth Amendment of the United States Constitution require that the state provide an indigent with an attorney in all misdemeanor cases, including those misdemeanors within the jurisdiction of justice courts. Some of these misdemeanors do not involve potential imprisonment. We conclude that the state is not required by the Code of Criminal Procedure or by the United States Constitution to provide counsel to indigents accused of crimes or otherwise subject to court proceedings when the possible punishment for the crime or proceeding does not involve a loss of personal liberty.

Article 4.11 of the Code of Criminal Procedure provides that "[j]ustices of the peace shall have jurisdiction in criminal cases

where the fine to be imposed by law may not exceed two hundred dollars." Justice courts lack jurisdiction to determine finally any criminal action in which the punishment prescribed by law may be a fine exceeding $200 or may involve imprisonment for any length of time. Ex parte Morris, 325 S.W.2d 386 (Tex. Crim. App. 1959). In cases which do not involve potential imprisonment, the state need not appoint counsel.

The present confusion may have arisen because justices of the peace may, in their role as magistrates, take complaints and issue warrants in cases where their courts have no jurisdiction over the final resolution of the case. Ex parte Ward, 560 S.W.2d 660, 662 (Tex. Crim. App. 1978); Attorney General Opinion C-718 (1966); see also Tex. Code Crim. Proc. art. 16.01; Hart v. State, 15 Tex. Ct. App. 202 (1883); Attorney General Opinion C-654 (1966). Because a state-appointed attorney for indigents is constitutionally required at every stage of a criminal proceeding in which substantial rights may be affected, the United States Constitution may require that a court-appointed attorney be provided to represent an indigent in certain adversary proceedings conducted in justice courts. This question, however, deals with the time, during the criminal procedure, at which an attorney must first be appointed to represent an indigent. The consent decree in the instant case deals with this issue. You ask whether the law requires that an attorney must be appointed to represent an indigent in all misdemeanors -- in particular, misdemeanors which do not involve the punishment of potential incarceration.

Thus, the stage at which substantial rights are affected, and at which an attorney must therefore be appointed in particular cases, is beyond the scope of your request. We conclude only that neither the United States Constitution nor article 26.04 of the Code of Criminal Procedure requires that the state provide an indigent with an attorney in a case which does not involve the punishment of potential incarceration.

No other statutes or established constitutional case law requires the appointment of an attorney to represent an indigent accused of a misdemeanor or other act for which loss of liberty is not a potential punishment. Article 1917, V.T.C.S., provides that

> [j]udges of district courts may appoint counsel to attend to the cause of <u>any party who makes affidavit that he is too poor to employ counsel to attend to the same,</u> (Emphasis added).

Similarly, article 1958, V.T.C.S., grants the same discretion to county judges. There is no corollary statute for justices of the peace. Moreover, the acts were adopted as part of the civil statutes and are not mandatory. See Sandoval v. Rattikin, 395 S.W.2d 889, 893-94 (Tex. Civ. App. - Corpus Christi 1965, writ ref'd n.r.e.),

cert. denied 385 U.S. 901 (1966). Consequently, the state need not provide a court-appointed attorney for indigents accused of crimes or other acts for which loss of liberty is not a possible punishment.

## S U M M A R Y

The state is not required to appoint an attorney for an indigent defendant in cases which do not involve the possible punishment of a loss of liberty.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton