**Ex parte James MORSE.**

**No. 63300.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

TOM G. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P. On June 8, 1959, petitioner plead guilty in the 52nd District Court of Coryell County and was convicted of burglary in Cause No. 5969. The court assessed punishment at two years confinement. Petitioner is presently serving a life sentence in Texas Department of Corrections for a 1974 aggravated robbery conviction in which punishment was enhanced by felony convictions occurring in 1960 and 1963.

Petitioner contends that he was denied effective assistance of counsel and therefore his 1959 conviction for burglary is void. He alleges that said conviction has caused him to suffer adverse collateral consequences.

An evidentiary hearing was held in the trial court on July 20, 1979. Petitioner testified that at the time of his guilty plea

he was brought into the courtroom whereupon the prosecutor informed him that he was charged with burglary. The judge asked him how he pled. Petitioner replied "guilty." The trial court established that petitioner was indigent. Petitioner further testified and the docket sheets reflect that the court appointed an attorney, Hervey Chesley (now deceased), to represent petitioner for the sole purpose of executing a jury waiver. Petitioner executed the jury waiver. His attorney then left the courtroom. Sentence was pronounced. Petitioner had not conferred with a lawyer prior to entering the courtroom.

Though this Court is not bound by the findings of fact and conclusions of law of the trial court, *Ex parte Young*, Tex.Civ. App., 479 S.W.2d 45, we note that the trial court concluded as a matter of law that petitioner was denied effective assistance of counsel. The State in its pleading conceded that petitioner was denied effective assistance of counsel.

■ It is well established that the appointment of counsel is required at every stage of criminal proceedings where substantial rights may be affected. *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. The application of this principle has been held to be fully retroactive. *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; *Ex parte Bird*, Tex.Cr.App., 457 S.W.2d 559.

■ The test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. *Ex parte Gallegos,* 511 S.W.2d 510. Factors to be considered include (1) the amount of time spent in preparation of the defense, (2) whether advice was given which would promote an understanding of the law in relation to the facts, (3) whether the advice was reasonably competent, (4) whether the advice permits an informed and conscious choice, and (5) whether the lawyer attempted to ascertain if the plea was voluntary and knowing. See *Herring v. Estelle*, 491 F.2d 125.

In *Ex parte Lemay*, Tex.Cr.App., 525 S.W.2d 1, this Court held that the defendant was denied effective assistance of counsel where the indigent defendant pled guilty and where a lawyer was appointed for the sole purpose of assistance in executing a jury waiver. There, as in the instant case, the defendant had entered a guilty plea to the court before a lawyer was appointed. The lawyer merely aided the defendant in waiving a jury. In addition the Court held that recitations of the docket sheet regarding the appointment of counsel are presumed to be correct and such will overcome recitations of a form judgment.

■ The evidence in the record shows that petitioner received no advice from counsel regarding the facts or law of his case. He was not informed of his right to trial by jury, his right to appeal, the consequences of a guilty plea or the range of punishment. His appointed attorney merely signed the jury waiver and departed. Though the form judgment states that petitioner appeared "with his attorney" the docket sheet specifically recites that Chesley was "appointed on jury waiver." The docket sheet corroborates petitioner's testimony.

The record thus supports the trial court's findings. We conclude that the petitioner did not have the effective assistance of counsel. The 1959 burglary conviction in Cause No. 5969 is therefore void.

■ Petitioner urges that the relief he seeks is not moot because he has served the punishment assessed in Cause No. 5969 in that such conviction has had adverse collateral consequences in the form of parole consideration and prison job classification. The trial court in its findings concluded that the conviction in Cause No. 5969 has had such collateral consequences. Mootness cannot prohibit a collateral attack if prior convictions that have been discharged may have serious collateral consequences to a criminal defendant. *Ex parte Legg*, Tex. Cr.App., 571 S.W.2d 930; *Ex parte Guzman*, Tex.Cr.App., 551 S.W.2d 387.

The conviction in Cause No. 5969 in the 52nd District Court of Coryell County is set aside and the indictment is ordered dismissed.

ROBERTS, J., not participating.