Fred Warner OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0205–CR.

Court of Appeals of Texas,
Tyler.

Dec. 2, 1982.

Ron S. Galloway, Dallas, for appellant.

Hunter B. Brush, Dist. Atty., Tyler, for appellee.

McKAY, Justice.

Appellant was convicted of sexual abuse of a child. Punishment was assessed at confinement for life.

Two grounds of error are brought by appellant. In his first ground appellant says the court erred in appointing defense counsel to represent him at trial "because the court failed to consider appellant's potential liability in determining the level of competency required of defense counsel"; secondly, the court failed to consider the objectivity a new counsel could bring to an appeal, nor the level of competency required of defense counsel.

Appellant asks in the first issue how qualified a defense counsel must be in a case where punishment sought for a crime is confinement for life. Argument is made that counsel is an experienced civil trial attorney but had virtually no criminal experience other than court appointments, and that counsel requested that he be allowed to withdraw, or that co-counsel be appointed, but both such requests were denied. Appellant contends that failure to appoint an experienced criminal trial attorney to defend the case where a life sentence was all that was offered in plea bargaining, and confinement for life was the potential and ultimate automatic sentence, was a violation of appellant's constitutional rights.

We quote from *Passmore v. State*, 617 S.W.2d 682, 686 (Tex.Cr.App.1981):

The test to be applied in determining whether counsel provided constitutionally satisfactory services is the *reasonably effective assistance* standard. *Ex Parte Morse*, Tex.Cr.App., 591 S.W.2d 904. Such a determination will be based upon the totality of counsel's representation. *Sanchez v. State*, Tex.Cr.Ap. [sic], 589 S.W.2d 422. (Emphasis added.)

We must therefore examine the record to determine whether appellant was provided reasonably effective assistance by his appointed counsel.

It should be pointed out initially that appellant's counsel on appeal was also his counsel in the trial court; counsel there-

fore criticizes his own competence in this appeal.

In voir dire examination of the jury panel counsel for appellant adequately explained the burden of proof; elicited the fact that one prospective juror had known a child who had been sexually molested, and one had a child who had been molested; and determined from questioning that some members of the panel had already formed opinions as to the guilt of appellant. Counsel therefore was able to make intelligent and informed challenges to the jury panel after successfully challenging two jurors for cause.

Appellant's counsel called the court's attention to the fact that three witnesses to be called lived in the same home, and at his request the court gave specific instructions to each of these witnesses not to talk to anyone about the case except the attorneys until the trial was completed.

Parts of the extensive testimony of the mother of the child were objected to as hearsay, and counsel's motion to have the jury removed so the court could pass upon its admissibility was granted. Several objections to hearsay evidence were sustained. In cross-examination of the mother, counsel went into details concerning her life style, her sexual activity, and her sexual literature and paraphernalia.

The injured party was a 13 year old boy, and after the court had examined him as to the meaning of his oath as a witness, counsel further questioned him as to his understanding of the oath and his qualification as a witness. In his cross-examination of the boy counsel was able to develop some inconsistencies between his testimony and that of his mother, and the questioning was in great detail. On counsel's objection several pictures offered were not admitted, and objections were made to several items of physical evidence on the ground that they had not been under custody and control of the witness. Counsel successfully introduced evidence of the school records of the injured party over strong objection by the State.

In the absence of the jury counsel had appellant sworn and he was questioned concerning his understanding of his right to testify or to remain silent; it was explained to him that it was his choice whether to testify or remain silent and if he did not testify the court would charge the jury not to consider his failure to testify in arriving at their verdict. Appellant testified that his decision, concurred in by his counsel, was that he would not become a witness for himself.

Appellant's counsel made objections to the court's charge. He made an able argument to the jury. He requested the jurors be polled when their verdict was returned. He made objections to exhibits offered by the State at the punishment phase. He made a statement to the court asking leniency for appellant.

The evidence on the punishment phase showed that appellant had previously been convicted for three felonies, one of which was for attempted rape of a minor, and several misdemeanors; that he had been in the penitentiary twice, had served several jail sentences, and was an alcoholic.

■ We find from the record that appellant's counsel provided reasonably effective assistance to appellant in the trial court based upon the totality of his representation. *Passmore v. State, supra; Johnson v. State,* 629 S.W.2d 731, 736 (Tex.Cr.App. 1981). We hold that appellant's constitutional rights were not violated because of ineffective assistance of counsel.

Judgment of the trial court is affirmed.