**Ex parte Fred Warner
OWENS, Petitioner.**

**No. 69277.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 14, 1984.

---

Fred Warner Owens, pro se.

Jack Skeen, Jr., Dist. Atty. and Jim E. Crouch, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus application filed pursuant to Art. 11.07, V.A.C.C.P. The cause was remanded to the trial court for an evidentiary hearing and is now again before this Court. Petitioner was convicted of sexual abuse of a child. See 644 S.W.2d 873 (Tex.App. 1982). Punishment was fixed at life under V.T.C.A., Penal Code Sec. 12.42(d).

By habeas corpus application petitioner presents two issues. He contends the first of two prior convictions alleged for enhancement was void because of a fundamentally defective indictment. In a prior opinion in this cause we sustained this contention. Because punishment was assessed by the court, we found this does not require that the conviction be set aside. It is sufficient to set aside the punishment and remand the case for reassessment of punishment by the court.

In his other contention petitioner asserts he was denied his right to have punishment assessed by the jury because of ineffective assistance of counsel. We found an evidentiary hearing was required on this issue and remanded this cause to the habeas court for that purpose. Such a hearing has been held and the cause is now before us for final disposition.

Petitioner asserted he was denied effective assistance of counsel because his attorney advised him it would be pointless to go to the jury for punishment, since the two prior convictions alleged for enhancement would result in an automatic life sentence, and that had counsel properly investigated and discovered one of the prior convictions was void, he would have elected punishment by the jury.

At the evidentary hearing appellant's trial counsel testified and denied such advice. Trial counsel testified that he advised appellant to elect to have punishment set by the court because of the nature of the alleged offense. In his experience and judgment, a jury after finding a defendant guilty of sexual abuse of a child would assess the maximum punishment possible, and a judge would be more likely to be lenient, if circumstances permitted assessment of a lesser punishment. It was also shown that counsel objected to proof of the prior convictions alleged for enhancement. Counsel testified that even if petitioner had no prior convictions he would still have given the same advice due to the nature of

the offense charged. We find the facts do not support petitioner's assertion that he was denied effective assistance of counsel, and overrule this contention.

Relief is granted in part. The punishment assessed in cause 1–80–139 in the 241st District Court of Smith County is set aside and the cause is remanded to that court for a new punishment hearing and assessment of punishment by the trial court on the allegation of the single prior conviction alleged in the last paragraph of the indictment.

It is so ordered.

TEAGUE, Judge, dissenting.

From what is stated in the majority opinion, I am unable to agree with the majority's conclusion.that "the facts do not support petitioner's assertion that he was denied effective assistance of counsel..."

Petitioner was charged as an "habitual criminal" pursuant to V.T.C.A., Penal Code, Section 12.42(d). It is apparent from what the majority opinion states that trial counsel did not make any pre-trial investigation into the validity of the prior convictions. It was later determined that one of the two prior convictions was void. Under this Court's decision of *Ex parte Scott*, 581 S.W.2d 181 (Tex.Cr.App.1979), counsel was ineffective for failure to make any pre-trial investigation into the validity of the prior conviction that was later determined to be void.

Furthermore, I find counsel's statement that he did not seek to have the jury assess punishment because "a judge would be more likely to be lenient, if circumstances permitted assessment of a lesser punishment" is, as a matter of law, unacceptable. I must ask the majority the following question: If the prosecution properly proved up the alleged two prior felony convictions, what lesser penalty would have then been available to the trial judge to assess? If the prosecution had properly proved up the alleged two prior felony convictions, and the trial judge had assessed a lesser penalty than automatic life imprisonment, the then penalty where it was alleged that the defendant was an habitual criminal, he would have violated his oath of office.

As to what trial counsel might have done if petitioner had not had any prior felony convictions, such is totally irrelevant and immaterial to the issue in this cause.

From what is stated in the majority opinion, I would find that petitioner was denied the effective assistance of counsel, and would grant petitioner a new trial. Because the majority does not do this, I am compelled to dissent.