**Ex parte Elvin James ADAMS.**

**No. 69269.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 18, 1985.

**258**

Elvin James Adams, pro se.

John B. Holmes, Jr., Dist. Atty. and Eleanor Montague McCarthy, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted in Cause No. 278, 992 in the 228th District Court of Harris County on September 29, 1978, for the offense of burglary of a habitation with the intent to commit theft. Punishment, enhanced by two prior felony convictions, was assessed at life.

Applicant contends that the indictment in one of the convictions used for enhancement was fundamentally defective. The State agrees but argues that since appel-

lant did not object at trial to the introduction of the infirm prior conviction, no error is preserved and the applicant is barred from collaterally attacking the primary conviction. Secondly, the State argues that even if error was preserved and we find relief should be granted, since the trial court assessed punishment, the proper remedy is not to set aside the conviction, but to remand for a new punishment hearing only.

We will first address the State's contention regarding the preservation of error. At issue is Cause No. 222,902, a conviction for theft arising out of the 174th District Court of Harris County. The indictment in that cause failed to include the allegation that the property was taken without the owner's effective consent. On October 12, 1983, this Court, in a per curiam opinion, granted habeas corpus relief in Cause No. 222,902, after finding the indictment fundamentally defective for failure to include the above-mentioned allegation. *Ex parte Adams*, 658 S.W.2d 179 (Tex.Cr.App.1983).

In *Ex parte White*, 659 S.W.2d 434 (Tex.Cr.App.1983), we reaffirmed our prior holdings in *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Cr.App.1981), and *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr.App.1980), and found that even though White did not voice an objection to the use of the allegedly infirm prior conviction, where the prior conviction was based upon a void indictment, the enhanced primary conviction could be collaterally attacked. The instant case falls within these holdings and we reject the State's argument that no error was preserved.

We do agree with the State's second argument that the proper remedy in the instant situation is to remand the case for a new assessment of punishment. In *Hill v. State*, 528 S.W.2d 125, 127 (Tex.Cr.App. 1975), this Court held that a reversal and remand only as to the punishment phase is proper when the trial court has assessed an improper punishment. We adhere to that rule today. *Ex parte Brown*, 575 S.W.2d

517 (Tex.Cr.App.1979); *Ex parte Hunter*, 616 S.W.2d 626 (Tex.Cr.App.1981).

■ As a second ground for relief, applicant argues that he received ineffective assistance of counsel in that his trial counsel failed adequately to investigate the prior convictions used for enhancement. Even if trial counsel were ineffective in his investigation, we believe our holding above remanding the case for a new punishment hearing adequately remedies any such error.

■ Applicant also argues that trial counsel was ineffective in that he "advised the Applicant to elect the court to assess his punishment because the judge knew about his prior convictions and would probably assess a lighter sentence." The decision as to who assesses the punishment in any criminal case is usually a matter of trial strategy. Appellant has not alleged any facts to show in what manner he was harmed by the fact that he was sentenced by the judge rather than by a jury. We find that applicant has failed to allege sufficient facts which would show, based on the totality of representation, that counsel was ineffective.

Applicant is remanded to the trial court for a new punishment hearing in Cause No. 278,992. It is so ordered.

TEAGUE, Judge, dissenting.

The record of this cause is almost a duplicate of the one found in *Ex parte Owens*, 679 S.W.2d 518 (Tex.Cr.App.1984). As in *Ex parte Owens*, supra, all members of this Court agree in this cause that one of the two prior felony convictions that was alleged and used to enhance the punishment of Elvin James Adams, applicant, to automatic life imprisonment is void. See V.T.C.A., Penal Code, Section 12.42(d), prior to amendment. Also see *Ex parte Scott*, 581 S.W.2d 181 (Tex.Cr.App.1979).

Adams, however, also claims in his application that his trial counsel was ineffective counsel because the attorney erroneously advised him to permit the trial judge, rather than the jury, to assess his punishment. The

basis for the attorney's advice was as follows: "because [the trial judge] knew about [Adams'] prior convictions and would probably assess a lighter sentence," which advice Adams claims he acted upon in agreeing that the trial judge, rather than the jury, would assess his punishment. However, counsel's advice was patently erroneous because if the State proved up the two prior felony convictions that it had alleged in the indictment against Adams, to enhance Adams's punishment to automatic life imprisonment, see Section 12.42(d), prior to amendment, which it did, the trial judge, by his very oath of office, presumably had no choice about the matter—he had to assess Adams' punishment at life imprisonment. For the same reason, if the members of the jury had been called upon to assess the punishment, and had they adhered to their oaths of office, they also would have assessed Adams' punishment at life imprisonment.

The majority "white-washes" Adams' claim by holding: "Applicant has not alleged any facts to show in what manner he was harmed by fact that he was sentenced by the judge than by a jury." In light of Adams' claim, and what this Court did in *Ex parte Owens*, supra, I am compelled to disagree.

In *Ex parte Owens*, supra, the defendant in that cause, in addition to claiming that one of the prior felony convictions that had been alleged and used to enhance his punishment to automatic life imprisonment was void (which contention this Court sustained), also asserted that because of erroneous legal advice by his trial counsel, which he claimed he acted upon, he was denied and deprived of his right to have the jury assess the punishment. In response, this Court "found an evidentiary hearing was required on this issue and remanded [the] cause to the habeas corpus court for that purpose." A hearing was held. Thereafter, this Court resolved the issue against the defendant. In this cause, however, no such hearing has been held on Adams' like contention. Why is Adams not

entitled to the same consideration that this Court gave the defendant Owens?

This Court's above declaration that one of Adams' prior convictions is void should entitle Adams to a hearing to establish, if he can, that but for his trial counsel's patently erroneous legal advice he would have elected to have the jury, rather than the trial judge, assess his punishment. The majority states that Adams has not shown any harm. The short answer to the majority's holding lies in the fact that had the jury, instead of the trial judge, assessed Adams' punishment, Adams would now be entitled to a new trial, rather than simply a new punishment hearing, as the majority opinion mandates.

Because the majority refuses to order a hearing on the issue that Adams raises, that his trial counsel was ineffective because he advised Adams to elect to have the trial judge, rather than the jury, assess his punishment, I am compelled to dissent.