Richard D. Townsend, Jr.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-475-CR

RICHARD D. TOWNSEND, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211th
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Richard D. Townsend, Jr. of possession of less than one gram of cocaine, and the trial court sentenced him to two years’ confinement and a $5,000 fine.  In two issues, Townsend complains that the trial court erred by overruling his motion to suppress evidence and that his trial counsel was ineffective.  We will affirm.

II.  Factual and Procedural Background

After midnight on September 12, 2003, Officer Summitt was patrolling in an area of Denton known for criminal activity.  At one point during the evening, Officer Summitt saw Steven Garrett, a homeless person whom Officer Summitt knew to be a crack cocaine user, walking in the area.  He observed Garrett walk quickly up and down a street but then lost sight of him after he cut across a field.  Less than one minute later, Officer Summitt saw vehicle headlights come on in the area where he had lost sight of Garrett.  Officer Summitt identified the headlights as belonging to a newer model truck that he had observed circling the area earlier that evening.  Suspecting that Garrett had delivered drugs to the occupants of the truck, Officer Summitt followed the truck and stopped it after he observed the driver commit a traffic violation. Officer Summitt initiated contact with the driver and Townsend, the passenger.  While Officer Summitt was talking to the driver, he observed Townsend reach under his seat.  Officer Summitt became concerned that Townsend had a weapon under his seat and instructed him to stop reaching under the seat.  After a few requests, Townsend complied.  Officer Summitt also became suspicious that both the driver and Townsend were intoxicated.  He testified that Townsend had bloodshot eyes.  Officer Summitt called for a backup officer to assist him in removing both individuals from the vehicle and to stay with Townsend while Officer Summitt administered field sobriety tests to the driver. 

A few minutes later, Officer Epting arrived to assist Officer Summitt. Officer Summitt instructed the driver and Townsend to exit the vehicle.  Officer Epting patted down Townsend for officer safety purposes and instructed him to sit on the curb.  Officer Summitt received notice that Townsend had no outstanding warrants for his arrest.  Officer Summitt then searched the vehicle for contraband and, after finding none, began administering field sobriety tests to the driver.  At one point, Officer Summitt asked Officer Epting to escort Townsend to another location on the curb, and when Townsend stood up to move, Officer Epting saw something fall from his clothing.  Officer Epting pointed out the object to Officer Summitt, and Officer Summitt determined that it contained an illegal substance, cocaine.  Officer Epting then arrested Townsend.

Townsend moved to suppress the cocaine, but the trial court denied his motion.  Based on this evidence, the jury convicted Townsend for possession of cocaine.

 

III.  Motion to Suppress

In his first issue, Townsend argues that the trial court erred by overruling his motion to suppress because Officer Summitt illegally arrested him and, thus, did not lawfully seize the cocaine.  Townsend concedes that Officer Summitt’s initial stop of the vehicle and detention of him were lawful.  Townsend contends, however, that once Officer Summitt determined that he was no threat to officer safety and had no outstanding warrants for his arrest, Officer Summitt should have released him and that his continued detention constituted an unlawful arrest.  The State responds that Townsend was not under arrest at the time Officer Summitt found the cocaine. 

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We do not engage in our own factual review. 
 Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best
, 118 S.W.3d at 861-62.  However, we review de novo a trial court’s rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses. 
Johnson
, 68 S.W.3d at 652-53. When a trial court does not make express findings of historical facts, as is the case here, the facts are viewed in a light favorable to the trial court’s ruling. 
 See Loserth v. State
, 963 S.W.2d 770, 774 (Tex. Crim. App. 1998).  In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later. 
 Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).

The law is well-settled that an officer’s investigative detention of a suspect based on reasonable, articulable facts that the suspect has committed or is committing an offense does not violate the Fourth Amendment as long as (1) the officer’s action was justified at its inception and (2) the officer’s action was reasonably related in scope to the circumstances which justified the inference in the first place.  
See Terry v. Ohio
, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879 (1968); 
Davis v. State
, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).  The second prong deals with the scope of the detention.  Under the second prong, an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop.  
Powell v. State
, 5 S.W.3d 369, 376 (Tex. App.—Texarkana 1999, pet. ref’d) (citing 
Florida v. Royer
, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325 (1983)), 
cert. denied
, 529 U.S. 1116 (2000).  Once the reason for the stop has been satisfied, the stop may not be used as a fishing expedition for unrelated criminal activity.  
Id.
 
The law is equally well-settled that additional facts and information discovered by an officer during a lawful detention may form the basis for a reasonable suspicion that another offense has been or is being committed.  
See
 
Razo v. State
, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.] 1979); 
Mohmed v. State
, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref’d).  Articulable facts coming to the officer’s knowledge during the proper stop or detention may justify further investigation.  
Razo
, 577 S.W.2d at 711; 
Mohmed
, 977 S.W.2d at 628.  An officer is not required to ignore evidence or information that legitimately comes to his attention during a valid investigative stop merely because such evidence or information is not related to the initial purpose of the stop.  
See
,
 e.g.
,
 Razo
, 577 S.W.2d at 711; 
Mohmed
, 977 S.W.2d at 628; 
see also Powell
, 5 S.W.3d at 378-79;

The standard for distinguishing between an investigative detention and an arrest, however, is not always clear because both constitute seizures.  
Josey v. State
, 981 S.W.2d 831, 839 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).  The nature of the detention determines the constitutional parameters that apply to determine its legality.  
Amores v. State
, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991).  An investigative detention, to be constitutionally valid, may be founded upon a reasonable, articulable suspicion while an arrest, to pass constitutional muster, must be supported by probable cause.  
Id.

An arrest occurs when a person's liberty of movement is restricted or restrained.  
Id
.  The code of criminal procedure provides that a person is arrested when he has been actually placed under restraint.
  Tex. Code Crim. Proc. Ann
. art. 15.22 (Vernon 2005).
(footnote: 2)  Factors that Texas courts have considered in determining whether a suspect is under arrest are whether the officer actually undertakes an investigation, the accused is handcuffed, the accused is detained at gunpoint, the number of police far outnumbers the citizens, threatening language is used, the accused is transported to another location, the accused’s vehicle is blocked to prevent his departure, and  physical force is used.  
Carter v. State
, 150 S.W.3d 230, 237 (Tex. App.—Texarkana, 2004, no pet.) (citing cases that discuss factors).  Whether a detention is an actual arrest or an investigative detention depends on the reasonableness of the intrusion under all of the facts.  
Rhodes v. State
, 945 S.W.2d 115, 118 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 894 (1997).

Here, the record at the suppression hearing and the videotape of Townsend’s stop shows that Townsend was never handcuffed before Officer Summitt seized the cocaine.  Neither officer detained Townsend at gunpoint.  Townsend was not far outnumbered by police, as only two officers were present during the stop.  Neither the record nor the videotape indicates that either officer used threatening language.  Neither officer transported Townsend to another location prior to the seizure of the cocaine.  Neither officer blocked the vehicle in which Townsend was riding prior to the stop.  Finally, neither officer used physical force on Townsend.  We cannot say that a reasonable person in Townsend’s situation would have felt restrained to the degree associated with a formal arrest.  Thus, we hold that Townsend was not under arrest at any time prior to Officer Summitt’s seizure of the cocaine.  
See Carter
, 150 S.W.3d at 237.

We next consider whether Townsend was illegally detained at any point prior to the time Officer Summitt seized the cocaine.  Because Townsend concedes that Officer Summitt’s initial stop of the vehicle was lawful, we consider only whether Officer Summitt’s actions after determining that Townsend had no weapons and no outstanding warrants for his arrest were reasonably related in scope to the circumstances that justified the inference in the first place.  
See Terry
, 392 U.S. at 19-20, 88 S. Ct. at 1879.

As Officer Summitt testified, during the course of his interaction with both Townsend and the driver, he became suspicious that both were intoxicated.  He was not required to ignore this evidence of possible intoxication and was entitled to investigate further.  
See
 
Razo
, 577 S.W.2d at 711; 
Mohmed
, 977 S.W.2d at 628.  Officer Summitt had a reasonable safety concern about leaving Townsend unattended while he administered field sobriety tests to the driver, so he called for backup.  Our review of the videotape indicates that approximately six minutes passed between the time Officer Epting conducted the officer safety pat down of Townsend and the time Officer Summitt seized the cocaine and told Officer Epting to arrest Townsend.  Because Officer Summitt was in the process of administering field sobriety tests to the driver, we conclude that Townsend’s continued detention for six minutes during this time was necessary to effectuate the purpose of the investigation.  Thus, we hold that Townsend’s continued detention during these six minutes was based on articulable suspicion and was reasonable and, thus, was not violative of the Fourth Amendment. 
 See
 
Mohmed
, 977 S.W.2d at 628; 
see also Simpson v. State
, 29 S.W.3d 324, 327, 329 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); 
Martinez v. State
, 29 S.W.3d 609, 612 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d); 
Zervos v. State
, 15 S.W.3d 146, 152-53 (Tex. App.—Texarkana 2000, pet. ref'd); 
Powell
, 5 S.W.3d at 377-78 
(all holding that observations made and facts learned by officer during traffic stop justified continued detention).  Accordingly, we overrule Townsend’s first issue.

IV.  Effective Assistance of Counsel

Before trial, Townsend elected to have the jury assess his punishment. However, subsequent to his making that election, Townsend’s counsel met en camera with the court and an assistant district attorney.  Townsend’s counsel advised the court that he had learned through his research that only the trial court had the authority to grant Townsend probation.
(footnote: 3)  The trial court told Townsend’s counsel that it believed that probation and completion of the Substance Abuse Felony Punishment program, as opposed to a jail sentence, were appropriate for Townsend.  Townsend’s counsel then asked the court if it was aware of Townsend’s prior convictions, and the court confirmed that it was.
(footnote: 4)  The State advised the trial court that it intended to seek a jail sentence if Townsend were convicted.  Based upon the trial court’s statement that it did not believe that a jail sentence was appropriate for Townsend, Townsend’s counsel obtained Townsend’s permission to have the trial court assess his punishment.  The jury found Townsend guilty, and the court sentenced Townsend to two years’ confinement and imposed a $5,000 fine.  Townsend filed a motion for new trial alleging that his trial counsel was ineffective, and the trial court denied his motion. 

In his second issue, Townsend argues that his counsel was ineffective because he advised Townsend to change his punishment election in order to allow the trial court to assess his punishment.  The State maintains, however, that Townsend’s counsel was not ineffective because counsel’s advice to Townsend was based on sound trial strategy.  

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).  
A record affirmatively demonstrating the alleged ineffectiveness may, however, be provided by a motion for new trial hearing.
  See
 
Jones v. State
, 133 S.W.3d 307, 312 (Tex. App.—Fort Worth 2004, no pet.).

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, 
i.e.
, a trial whose result is reliable.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. 
In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Here, both Townsend and the State agree that the trial court stated a preference for community supervision and drug treatment for Townsend, as opposed to a jail sentence.  Both also agree that Townsend would have to receive some sentence of incarceration, regardless of whether the jury or the trial court assessed the punishment, but that only the trial court had the authority to grant community supervision.  Townsend argues that, regardless of the trial court’s clarity in stating its belief that a jail sentence would be inappropriate, Townsend’s counsel was ineffective for believing that the trial court’s statements were “enforceable [as] a plea bargain.”  He also contends that his counsel was ineffective because he received the harshest possible sentence from the trial court.  Under these facts, we must consider whether Townsend’s counsel’s advice to allow the trial court to assess his punishment was within the range of reasonable representation.  
See Salinas
, 163 S.W.3d at 740.

In this case, both Townsend’s trial counsel and the State understood the trial court’s statements to indicate that it would most likely grant Townsend community supervision.  Regardless of Townsend’s counsel’s belief about the enforceability of the trial court’s preference for community supervision, we cannot say that Townsend’s counsel was unreasonable for believing that Townsend stood a better chance of receiving community supervision if the trial court assessed his punishment.  We also cannot conclude that Townsend’s counsel’s advice was unreasonable in light of the fact that the trial court could grant probation even if the jury assessed punishment.  The decision of who assesses punishment is usually a matter of trial strategy.  
See Ex parte Adams
, 701 S.W.2d 257, 259 (Tex. Crim. App. 1985).  In light of the trial court’s statement that it believed community supervision would be appropriate for Townsend, we cannot conclude that Townsend’s trial counsel’s advice was not based on sound trial strategy.  We hold that Townsend’s counsel’s advice was within the range of reasonable representation.
(footnote: 5)  Thus, we hold that the trial court did not abuse its discretion by overruling Townsend’s motion for new trial.  Accordingly, we overrule Townsend’s second issue.

V.  Conclusion

Having overruled each of Townsend’s two issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 9, 2006

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
This provision has been called “legislatively obsolete” because it was drafted prior to the United States Supreme Court's decision in 
Terry
, 392 U.S. at 19-20, 88 S. Ct. at 1879, and fails to distinguish between temporary investigative detentions and arrests.
  See Zayas v. State
, 972 S.W.2d 779, 789 (Tex. App.—Corpus Christi 1998, pet. ref'd).

3:
At the hearing on Townsend’s motion for new trial, Townsend’s trial counsel testified that he understood that the court could grant probation, even if the jury assessed punishment.  

4:
At the hearing on Townsend’s motion for new trial, Townsend’s trial counsel testified that the court was aware of Townsend’s prior convictions but not the underlying facts surrounding the convictions.  Townsend’s trial counsel also testified that the court was unaware of the fact that Townsend had already been through the SAFP program. 

5:
Having held that Townsend’s trial counsel’s representation was reasonable under the circumstances and prevailing norms, we need not address the second prong of 
Strickland.
  
See Strickland
, 466 U.S. at 687, 104 S. Ct.  at 2064; 
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 62-63; 
Thompson
, 9 S.W.3d at 812; 
Hernandez
, 988 S.W.2d at 770.