IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-4,557-05, WR-4,557-06, WR-4,557-07, WR-4,557-08, 4,557-09






EX PARTE THOMAS SANCHEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 90504-A, 90505-A, 90506-A, 90507-A, 90509-A


IN THE 179TH DISTRICT COURT FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of theft and one count
of attempted robbery by assault and sentenced to four years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that the convictions are void because Applicant was not provided with counsel
during plea negotiations and counsel's assistance was limited to helping Applicant enter a waiver of jury
trial. These sentences are discharged but Applicant has alleged sufficient collateral consequences. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S.
608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The habeas court has
entered findings of fact and conclusions of law that the applications are subject to dismissal because the
sentences are discharged. In these circumstances, additional facts are needed. Ex parte Morse, 591
S.W.2d 904 (Tex. Crim. App. 1980). As we held in Ex parte Rodriguez, 334 S.W.2d 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that
the convictions are void. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: December 19 ,2007

Do not publish