ACCEPTED
03-15-00392-CR
6061125
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/14/2015 2:44:08 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00392-CR

IN THE TEXAS COURT OF APPEALS
THIRD DISTRICT
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/14/2015 2:44:08 PM
JEFFREY D. KYLE
Clerk

_____

**TYLER DAVID EBANKS, Appellant**

*v.*

**THE STATE OF TEXAS**
_____

**DIRECT APPEAL FROM THE
27TH DISTRICT COURT OF BELL COUNTY
TRIAL COURT CAUSE NUMBER 72.912**
_____

**BRIEF FOR APPELLANT**
_____

**Richard E. Wetzel
State Bar No. 21236300**

**1411 West Avenue, Suite 100
Austin, Texas 78701**

**(512) 469-7943
(512) 474-5594 – facsimile
wetzel_law@1411west.com**

**Attorney for Appellant
Tyler David Ebanks**

**Identity of Parties and Counsel**

| | |
|---|---|
| Appellant: | Tyler David Ebanks |
| Appellate Counsel: | Richard E. Wetzel<br>Attorney at Law<br>1411 West Ave., Ste. 100<br>Austin, TX 78701 |
| Trial Counsel: | Michael R. Cooper<br>Attorney at Law<br>P.O. Box 1276<br>Salado, TX<br>76571 |
| Appellee: | The State of Texas |
| Appellate Counsel<br>And Trial Counsel: | Henry Garza<br>District Attorney<br>Post Office Box 540<br>Belton, TX 76513 |
| Trial Judge: | Hon. John Gauntt<br>27th District Court<br>Bell County, Texas |

# Table of Contents

**Page**

List of Parties . . . . . . . . . . . . . . . . . . .ii

Table of Contents . . . . . . . . . . . . . . . . . . iii

Index of Authorities . . . . . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . . . . . 1

Issue Presented . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . .2

Summary of the Argument . . . . . . . . . . . . . . . . . . 6

Point of Error . . . . . . . . . . . . . . . . . . 7

Ebanks' plea of guilty was not freely and voluntarily entered because it was the result of ineffective assistance of counsel (2 RR 8-9, 3 RR 65-68 and 85-86).

Prayer . . . . . . . . . . . . . . . . . 11

Certificate of Compliance . . . . . . . . . . . . . . . . . . 12

Certificate of Service . . . . . . . . . . . . . . . . . 12

# Index of Authorities

**Page**

## Cases

*Battle*, *Ex parte,* 817 S.W.2d 81
(Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . .9

*Burns*, *Ex parte,* 601 S.W.2d 370
(Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . . . .9

*Gallegos, Ex parte*, 511 S.W.2d 510
(Tex. Crim. App. 1974) . . . . . . . . . . . . . . . . . . .10

*Harrington*, *Ex parte,* 310 S.W.3d 452
(Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . .9

*Hill v. Lockhart*, 474 U.S. 52
(1985) . . . . . . . . . . . . . . . . . . .9

*Jefferson v. State,* 189 S.W.3d 305
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . .7

*McMann v. Richardson*, 397 U.S. 759
(1970) . . . . . . . . . . . . . . . . . . .9

*Morse, Ex parte*, 591 S.W.2d 904
(Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . . . .10

*Moussazadeh*, *Ex parte,* 361 S.W.3d 684
(Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . . .9

*Williams v. State,* 235 S.W.3d 742
(Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . .8

*Young v. State*, 358 S.W.3d 790
(Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) . . . . . . . . . . . . . . . . . . .8

## Statutes

TEX. PEN. CODE § 1.07(a)(46) . . . . . . . . . . . . . . . . . . .8

TEX. PEN. CODE § 22.04(a)(1) . . . . . . . . . . . . . . . . . .2, 7

TEX. PEN. CODE § 22.04(c)(1) . . . . . . . . . . . . . . . . . . . .8

TEX. PEN. CODE § 22.04(e) . . . . . . . . . . . . . . . . . . . .8

**Rules**

TEX. R. APP. P. 9.4 . . . . . . . . . . . . . . . . . .12

## Statement of the Case

This is an appeal from a criminal proceeding. Tyler David Ebanks was indicted by a Bell County grand jury for committing the offense of causing serious bodily injury to a child (CR 4). He executed various waivers and a judicial confession (CR 30-37). There was no plea agreement with the State and the full range of punishment was available to the trial court (2 RR 5). A plea of guilty was entered by Ebanks and accepted by the trial court as voluntary (2 RR 8). The court found the evidence sufficient to support a finding of guilt, but withheld such a finding pending preparation of a presentence investigation report (2 RR 10). The report was prepared and reviewed by the trial court (3 RR 95). Following the presentation of punishment evidence from both sides, the trial court found Ebanks guilty and assessed punishment at 30 years of confinement (3 RR 100). The trial court certified Ebanks' right to appeal (CR 65). Notice of appeal was timely filed (CR 64).

## Issue Presented on Appeal

Point of Error

Ebanks' plea of guilty was not freely and voluntarily entered because it was the result of ineffective assistance of counsel (2 RR 8-9, 3 RR 65-68 and 85-86).

## Statement of Facts

The indictment alleges that on or about May 7, 2014, Ebanks intentionally and knowingly caused serious bodily injury to A.J., a child 14 years of age or younger, by striking him (CR 4). *See* TEX. PEN. CODE § 22.04(a)(1). The offense alleged is a first degree felony. *See* § 22.04(e).

At a guilty plea proceeding held on February 26, 2015, Ebanks assured the trial court he could read and write, was competent, and a citizen of the United States (2 RR 4). The trial court explained the range of punishment and the fact it was an "open plea" with the full range of punishment available (2 RR 5). Ebanks and counsel agreed they have executed various waivers in connection with the plea of guilty (2 RR 6). Ebanks entered a plea of guilty to the indicted offense which was accepted by the trial court as voluntary (2 RR 8). Ebanks represented to the court he was pleading guilty because he was guilty and for no other reason (2 RR 8). Trial counsel for Ebanks assured the court the guilty plea was freely and voluntarily made (2 RR 9). A judicial confession executed by Ebanks was admitted into evidence (2 RR 9, 4 RR SX 1). The court found the evidence sufficient to support a finding of guilt, but withheld such a finding pending preparation of a presentence investigation report (2 RR 10).

The matter was recalled on May 7, 2015 (3 RR). Stephanie Jones is Ebanks' ex-wife and the mother of the complainant, A.J. (3 RR 6). In May of 2014, A.J. was three years of age (3 RR 7). While Stephanie was at the store on May 7, 2014, she received a call from Ebanks telling her to come home immediately (3 RR 7). Upon arriving home, she found A.J. unresponsive and she then called 911 for assistance (3 RR 7). Ebanks told her A.J. was injured when he fell from his crib (3 RR 7).

A.J. was taken to the hospital and it was determined he had two skull fractures, bleeding in his brain, and a broken right ear (3 RR 8). She was advised the injuries were not consistent with falling from a crib (3 RR 8). A.J. was in the hospital for over a month (3 RR 11). Stephanie identified pictures taken of A.J. in the hospital (3 RR 10, 4 RR SX 2-4).

Since being released from the hospital, A.J. has suffered from various learning disabilities he did not have before the injury (3 RR 8). He had to relearn numerous skills including walking, talking, and feeding himself (3 RR 9). She does not know the long term prognosis for her child (3 RR 9, 26).

She never saw Ebanks hit or abuse A.J. (3 RR 21). She related that in March of 2014, Ebanks called her at work and told her A.J. hurt himself when he fell in the bathtub (3 RR 24). When she came home, she found bruises on A.J.'s face

- 3 -

from the bathtub fall (3 RR 24). She took pictures of his injuries, including an injury to his ear, which were admitted into evidence (3 RR 25, 4 RR SX 5-6).

Ebanks became A.J.'s stepfather when he and Stephanie married in September of 2013 (3 RR 15). Since A.J. was injured in May of 2014, Stephanie has divorced Ebanks and given birth to his son (3 RR 27). The State rested on punishment (3 RR 28).

Dr. William Lee Carter is a psychologist from Waco (3 RR 29-30). Carter was retained by the defense to examine Ebanks with relation to the reason A.J. was injured and Ebanks prospects for the future (3 RR 31).

Carter explained that Ebanks was raised in a dysfunctional family, his parents divorced, and father was abusive both physically and emotionally (3 RR 32). Ebanks was placed with CPS, lived in various treatment centers, and eventually left to join the army (3 RR 32). He was honorably discharged from the military due to a problem with his legs (3 RR 33).

Ebanks has a normal IQ (3 RR 33). He has no prior criminal record (3 RR 34). Ebanks was 20 years old when he married Stephanie (3 RR 34). Carter did not believe Ebanks was ready at 20 years of age for marriage or the responsibility of being a stepfather (3 RR 34). Carter thought that Ebanks' lack of good parenting role models led him to hit A.J. because that is what had been done to

- 4 -

Ebanks as a child (3 RR 35). Ebanks expressed remorse to Carter for injuring A.J. (3 RR 37).

Carter's report was admitted into evidence (3 RR 36, 4 RR DX 1). Carter diagnosed Ebanks as suffering from personality dysfunctions, including narcissism and compulsive conduct (3 RR 36). The report noted that Ebanks told Carter that the slap to the face is not what hurt A.J., rather, the child was hurt when he fell and struck his head on the corner of the bed (4 RR DX 1 at 5).

Ebanks' mother, Tammy Jennings, was called as a witness (3 RR 43). She left her marriage to Ebanks' father after 10 years because he was abusive (3 RR 45). She explained that while growing up, her three sons lived in various places including with her, their father, CPS, foster care, treatment centers, and their grandmother (3 RR 47). She had a daughter which she placed for adoption (3 RR 46).

After Ebanks lived with his father for two years, he left due to his father's abuse and went to live with his grandmother (3 RR 49). He graduated from high school and joined the army (3 RR 50).

After reading Dr. Carter's report, Jennings believed Ebanks was acting like his abusive father in his relationships with Stephanie and A.J. (3 RR 54). She asked the court to place her son on community supervision (3 RR 55).

Ebanks testified A.J. was injured when he struck him on the right side of the face with an open hand (3 RR 65).  He struck A.J. because the child refused to take a nap (3 RR 65).  After being struck in the face, A.J. fell and struck his head on the box springs of a bed (3 RR 66).  After hitting his head on the box springs, A.J. began to shake (3 RR 66).  Ebanks denied intending to hurt A.J. (3 RR 66, 68).  He denied hitting the child hard enough to break his ear or fracture the child's skull (3 RR 85-86).  He was remorseful about the incident (3 RR 68).  Ebanks asked the judge to place him on community supervision (3 RR 72).  The defense rested and both sides closed (3 RR 95).

The court reviewed the presentence report (3 RR 95).  In argument, Ebanks sought community supervision and the State sought a 50 year sentence (3 RR 96, 99).  The trial court entered a finding of guilt, assessed punishment at 30 years of incarceration, and sentenced Ebanks in open court (3 RR 100).

**Summary of the Argument**

In a single point of error, Ebanks complains his plea of guilty was involuntary because he was denied the effective assistance of counsel.  Ebanks asserted his innocence to the charged offense during the guilty plea proceeding when he repeatedly claimed he did not intend to injure the child.  Intent to cause the result of serious bodily injury is the essence of the offense charged against

Ebanks.  A plea of guilty while testifying to innocence cannot be free, voluntary, and intelligently entered.  Upon the protestations of innocence during the plea proceeding, counsel should have moved to withdraw Ebanks' previously entered plea of guilty because it was not freely and voluntarily entered.  Allowing the plea proceedings to continue despite Ebanks' assertion of no intent to injure the child was an act of deficient performance by trial counsel.  Counsel failed to properly advise Ebanks on the elements of the offense and Ebanks was in no position to enter a plea of guilty to an offense he did not understand.  Prejudice is present because had Ebanks understood the elements of the offense in relation to his conduct, he would not have entered a plea of guilty and would have insisted upon a jury trial on a plea of not guilty.  This Court should reverse the judgment of conviction due Ebanks' involuntary guilty plea.

**Point of Error**

**Ebanks' plea of guilty was not freely and voluntarily entered because it was the result of ineffective assistance of counsel (2 RR 8-9, 3 RR 65-68 and 85-86).**

Ebanks was indicted for the offense of injury to a child by causing serious bodily injury.  Under the Texas Penal Code, "[a] person commits an offense [of injury to a child] if he ... intentionally, or knowingly, ... causes to a child ... serious bodily injury...." TEX. PEN. CODE § 22.04(a)(1); *Jefferson v. State,* 189 S.W.3d

- 7 -

305, 312 (Tex. Crim. App. 2006). A child is a person fourteen years of age or younger. § 22.04(c)(1). " 'Serious bodily injury' means bodily injury that creates a substantial risk of death, or that causes death." *Id.* at § 1.07(a)(46). Injury to a child is a result-oriented offense requiring a mental state that relates not to the specific conduct but to the result of that conduct. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Young v. State*, 358 S.W.3d 790, 802 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

At a guilty plea proceeding held on February 26, 2015, Ebanks assured the trial court he could read and write, was competent, and a citizen of the United States (2 RR 4). The trial court explained the range of punishment and the fact it was an "open plea" with the full range of punishment available (2 RR 5). Ebanks and counsel agreed they have executed various waivers in connection with the plea of guilty (2 RR 6). Ebanks entered a plea of guilty to the indicted offense which was accepted by the trial court as voluntary (2 RR 8). Ebanks represented to the court he was pleading guilty because he was guilty and for no other reason (2 RR 8). Trial counsel for Ebanks assured the court the guilty plea was freely and voluntarily made (2 RR 9).

During the plea proceeding, Ebanks testified A.J. was injured when he struck him on the right side of the face with an open hand (3 RR 65). He struck

A.J. because the child refused to take a nap (3 RR 65). After being struck on the head, A.J. fell and struck his head on the box springs of a bed (3 RR 66). After hitting his head on the box springs, A.J. began to shake (3 RR 66). Ebanks denied intending to hurt A.J. (3 RR 66, 68). He denied hitting the child hard enough to break his ear or fracture the child's skull (3 RR 85-86). He was remorseful about the incident (3 RR 68).

Counsel's advice can provide assistance so ineffective that it renders a guilty plea involuntary. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); "voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' "). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980) (finding guilty plea involuntary when counsel encouraged defendant to plead guilty in order to avoid nonexistent punishment). A defendant's decision to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). *See also Ex parte Harrington*, 310 S.W.3d 452, 459 (Tex. Crim. App. 2010) ("When counsel's representation falls below this [*Strickland v. Washington,* 466 U.S. 668 (1984)] standard, it renders any resulting guilty plea involuntary."). *See Ex parte Moussazadeh*, 361 S.W.3d 684, 692 (Tex.

Crim. App. 2012) (finding plea of guilty involuntary based on counsel's erroneous advice concerning parole eligibility).

Counsel has the duty to advise a defendant how the law applies to the facts of the case to ensure that a guilty plea is both knowing and voluntary. *Ex parte Morse*, 591 S.W.2d 904, 905 (Tex. Crim. App. 1980). A failure to advise a defendant how the facts of his case related to the charged offense constitutes deficient performance and prevents a guilty plea from being knowingly and voluntarily entered. *Ex parte Gallegos*, 511 S.W.2d 510, 513 (Tex. Crim. App. 1974).

Ebanks now complains his plea of guilty was involuntary because he was denied the effective assistance of counsel. Ebanks asserted his innocence of the charged offense during the guilty plea proceeding when he repeatedly claimed he did not intend to injure the child. Intent to cause the result of serious bodily injury is the essence of the offense charged against Ebanks. A plea of guilty while testifying to innocence cannot be free, voluntary, and intelligently entered. Upon the protestations of innocence during the plea proceeding, counsel should have moved to withdraw Ebanks' previously entered plea of guilty because it was not freely and voluntarily entered. Allowing the plea proceedings to continue despite Ebanks' assertion of no intent to injure the child was an act of deficient

performance by trial counsel.  Counsel failed to properly advise Ebanks on the elements of the offense and Ebanks was in no position to enter a plea of guilty to an offense he did not understand and denied committing.  Prejudice is present because had Ebanks understood the elements of the offense in relation to his conduct, he would not have entered a plea of guilty and would have insisted upon a jury trial on a plea of not guilty.  This Court should reverse the judgment of conviction due Ebanks' involuntary guilty plea.

## Prayer

Ebanks prays this Court will reverse the judgment of conviction and remand for a new trial or enter any other relief from the judgment as appropriate under the facts and the law.

Respectfully submitted,

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300
1411 West Avenue
Suite 100
Austin, TX 78701

(512) 469-7943
(512) 474-5594 – facsimile
wetzel_law@1411west.com

Attorney for Appellant
Tyler David Ebanks

## Certificate of Compliance

This pleading complies with TEX. R. APP. P. 9.4. According to the word count function of the computer program used to prepare the document, the brief contains 2.353 words excluding the items not to be included within the word count limit.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

## Certificate of Service

I, Richard E. Wetzel, counsel for appellant, do hereby certify that a true and correct copy of the foregoing document was emailed to counsel for the State, Bob Odom, Assistant District Attorney, through the efile electronic service feature of this Court's efile system at bob.odom@co.bell.tx.us on this the 14th day of July, 2015.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300